UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
JAMES O. ROBERSON, JR,              :
:
    Plaintiff,                  :    Civil Action No. 08-4463 (JAP)
:
v.                                  :    **OPINION**
:
NEW JERSEY OFFICE OF                :
ATTORNEY ETHICS, *et al.*,          :
:
    Defendants.                 :
:
_____ :

    Plaintiff brings this action against the New Jersey Office of Attorney Ethics and its Director and Deputy Counsel (collectively, "Defendants") alleging that Defendants violated the federal RICO statute and Plaintiff's civil rights in two cases where the New Jersey Supreme Court suspended Plaintiff's law license for ethical violations. Presently before the Court is Defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Plaintiff's cross-motion to file a second amended complaint.

    The underlying state court cases arose from Plaintiff's role in two real estate transactions. Beginning in late 2000, the Office of Attorney Ethics ("OAE") commenced an investigation of Plaintiff as a result of a grievance that had been filed in connection with the first real estate transaction. On April 26, 2002, the New Jersey Supreme Court issued an order on suspending Plaintiff "until further ordered" for his failure to cooperate in the OAE's investigation and failure to comply with the court's earlier orders regarding the investigation. (Am. Compl. ¶ 76, Powers Cert. Ex. D). Shortly thereafter, in September 2002, Plaintiff applied for reinstatement but was

denied. (Compl. ¶ 82). The OAE filed a formal complaint against Plaintiff in July 2004 for misconduct in the real estate closing and for failure to cooperate with the ethics investigation. (Compl. ¶ 92; Powers Cert. Ex. F). After a hearing before the District Ethics Committee, the Disciplinary Review Board ("DRB") recommended that Plaintiff be suspended for a period of three years. On May 13, 2008, the Supreme Court issued an order that Plaintiff be suspended for three years, beginning as of November 25, 2006. (Compl. ¶ 103, Powers Cert. Ex. H.) The Supreme Court further ordered that Plaintiff would not be reinstated until he complied with certain conditions. *Id.*

A complaint was filed against Plaintiff with respect to a second real estate transaction "[s]ometime prior to June 2003." (Compl. ¶ 84.) On March 23, 2006, the DRB found Plaintiff to have violated ethical standards with respect to that complaint and concluded that a six month suspension of Plaintiff's law license was warranted. (*Id.* ¶ 96). On May 23, 2006, the New Jersey Supreme Court issued an Order upholding the decision of the DRB. (*Id.*)

Defendants argue, *inter alia*, that the complaint in this matter should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. This doctrine, derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), recognizes that district courts lack subject matter jurisdiction over cases that are, in substance, appeals from state court judgments. Only the United States Supreme Court has such jurisdiction. 28 U.S.C. § 1257.

The doctrine has been described by the Third Circuit as follows:

> The *Rooker-Feldman* doctrine arises from 28 U.S.C. § 1257 which states in relevant part that "final judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court."

2

> Since Congress has never conferred a similar power of review of the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions. . . .
>
> The *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Although § 1257 refers to orders and decrees of the highest state court, the *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts.
>
> Thus, a claim is barred by *Rooker-Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, *Rooker-Feldman* bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

*In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (quoting *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004).

As described by the Third Circuit, a federal claim is considered to be "inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Walker*, 385 F.3d at 330 (citations and internal quotations omitted).  In the present case, were the Court to find that the process leading to the orders of the New Jersey Supreme Court was unlawful and constitutionally flawed, such finding would undermine and effectively negate the orders of the Supreme Court.  Granting Plaintiff his requested relief would necessarily involve a determination that the New Jersey Supreme Court orders were erroneously entered.  As such, the Court finds the instant lawsuit to be "inextricably intertwined" with issues adjudicated by the state court.

Therefore, pursuant to *Rooker-Feldman*, this Court is without jurisdiction in this case.[1]

Defendants' motion to dismiss the complaint is granted, and Plaintiff's cross-motion to amend his complaint is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: June 25, 2009

---

[1] Because the Court finds it lacks jurisdiction, it is not necessary to reach Defendants' remaining arguments.